

United States Southern District Court
FILED of Texas
OCT 01 2004
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAJAHAN SARKAR,<br>Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. H-04 3824 |
| PETROLEUM WHOLESALE, LP,<br>AND JOHN W. COOK, IN HIS<br>INDIVIDUAL AND OFFICIAL<br>CAPACITIES,<br>Defendants | §<br>§ | JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. § 201 *et seq.* (1994 ed. and Supp. III) ("FLSA"). This action is brought, for the time being, only as an individual action, but should discovery uncover other similarly situated employees, plaintiff reserves the right to bring this as a collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to plaintiff Shajahan Sarkar and all other similarly situated employees employed by, or formerly employed by defendants, its subsidiaries and affiliated companies. This suit is also brought against defendant John W. Cook, in his individual and official capacities.

### Parties

1. Plaintiff Shahjahan Sarkar is a former employee of defendants, as that term is defined by the FLSA, and is represented by the undersigned.

2. Petroleum Wholesale, LP ("Petroleum") is a business entity authorized to do business in the State of Texas, and is an employer as that term is defined by the FLSA. With respect to plaintiff, Petroleum is subject to the provisions of the FLSA. Petroleum maintains its office at 3648

#2429

FM 1960 West, Suite 200, Houston, Texas 77068. Petroleum was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s). Petroleum's registered agent is Mr. John W. Cook, who may be served at 3648 FM 1960 West, Suite 200, Houston, Texas 77068, or wherever else he may be found.

3. Defendant John Cook is liable to plaintiff in his individual and official capacity as he was an employer of the plaintiff, as that term is defined by the FLSA; had overall operational control of Petroleum; he possessed an ownership interest in this entity; he controlled significant funds of this entity; and he determined the employees' salaries and made hiring decisions. Therefore, Cook was and is subject to the provisions of the FLSA. Moreover, Cook was engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s). Cook may be served at 3648 FM 1960 West, Suite 200, Houston, Texas 77068, or wherever else he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as defendants and plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Factual Allegations

5. Plaintiff Sarkar worked for defendants as a cashier, and consistently worked over 40 hours per week. Luckily, Sarkar kept a record of every day that he worked overtime, a copy of which has already been provided to Defendants in an attempt to settle this matter out of court.

6. At all times relevant hereto, the defendants knew of, approved of, and benefitted from plaintiff's regular and overtime work.

7. Plaintiff did not ever serve in the capacity of an executive, administrator, professional or outside sale representative, as those terms are understood pursuant to 29 C.F.R. § 541. Therefore, plaintiff was not exempt from the protection of the FLSA.

8. There was never any understanding, written or verbal, between plaintiff and defendants regarding a fluctuating work week, nor did defendants make any attempt to modify plaintiff's work week by changing it to a variable work week or fluctuating work week as permitted by a partial exemption under the FLSA and corresponding regulations.

9. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

10. Defendants' actions were willful and in blatant disregard for plaintiff's federally protected rights.

## CAUSE OF ACTION

### Unpaid Overtime Wages

11. Based on the foregoing, defendants violated the FLSA by failing to compensate plaintiff at one and a half times their hourly wage plaintiff should have been paid for time worked in excess of 40 hours per work week, contrary to the requirements of Section 7 of 29 U.S.C. § 207.

12. Plaintiff has suffered damages as a direct result of defendants' illegal actions.

13. Defendants are liable to plaintiff and all other similarly situated employees for all unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA by failing to compensate plaintiff and all other similarly situated employees at one and a half times their regular hourly rates for time worked in excess of 40 hours per work week, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury Trial

14.     Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## Prayer for Relief

15.     Plaintiff asks this Court to hold the defendants jointly and severally liable for violations of the FLSA, and that Plaintiff be awarded all overtime wages owed to him, that he be awarded liquidated damages in an amount equal to all unpaid overtime wages, that he be awarded his attorney's fees and costs, and for all other legal and injunctive relief the Court deems necessary and proper.

                                        Respectfully Submitted,

                                        _____
                                        Josef F. Buenker
                                        TBA No. 03816860
                                        1225 North Loop West, Suite 1020
                                        Houston, Texas 77008
                                        713-868-3388 Telephone
                                        713-868-3411 Facsimile

                                        ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

**LAW OFFICES OF JOSEF F. BUENKER, P.C.**
Douglas B. Welmaker
TBA No. 00788641
1225 North Loop West, Suite 1020
Houston, Texas 77008
713-868-3388 Telephone
713-868-3411 Facsimile

Harmon

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States Courts
Southern District of Texas
FILED
2 OCT -1 2004
Michael N. Milby, Clerk

## I. (a) PLAINTIFFS
Shajahan Sarkar

**DEFENDANTS**
Petroleum Wholesale, LP
John W. Cook

(b) County of Residence of First Listed Plaintiff  Harris
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Harris
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Josef F. Buenker
1225 N. Loop West, Ste. 1020
Houston, TX 77008    713-868-3388

Attorneys (If Known)

H-04 3824

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- G 1 U.S. Government Plaintiff
- [X] Federal Question (U.S. Government Not a Party)
- G 2 U.S. Government Defendant
- G 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] | [X] | Incorporated or Principal Place of Business In This State | G 4 | [X] |
| Citizen of Another State | G 2 | G 2 | Incorporated and Principal Place of Business In Another State | G 5 | G 5 |
| Citizen or Subject of a Foreign Country | G 3 | G 3 | Foreign Nation | G 6 | G 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| G 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | G 610 Agriculture | G 422 Appeal 28 USC 158 | G 400 State Reapportionment |
| G 120 Marine | G 310 Airplane | G 362 Personal Injury— Med. Malpractice | G 620 Other Food & Drug | | G 410 Antitrust |
| G 130 Miller Act | G 315 Airplane Product Liability | G 365 Personal Injury — Product Liability | G 625 Drug Related Seizure of Property 21 USC 881 | G 423 Withdrawal 28 USC 157 | G 430 Banks and Banking |
| G 140 Negotiable Instrument | G 320 Assault, Libel & Slander | G 368 Asbestos Personal Injury Product Liability | G 630 Liquor Laws | | G 450 Commerce/ICC Rates/etc. |
| G 150 Recovery of Overpayment & Enforcement of Judgment | G 330 Federal Employers' Liability | | G 640 R. R. & Truck | **PROPERTY RIGHTS** | G 460 Deportation |
| G 151 Medicare Act | G 340 Marine | **PERSONAL PROPERTY** | G 650 Airline Regs. | G 820 Copyrights | G 470 Racketeer Influenced and Corrupt Organizations |
| G 152 Recovery of Defaulted Student Loans (Excl. Veterans) | G 345 Marine Product Liability | G 370 Other Fraud | G 660 Occupational Safety/Health | G 830 Patent | G 810 Selective Service |
| G 153 Recovery of Overpayment of Veteran's Benefits | G 350 Motor Vehicle | G 371 Truth in Lending | G 690 Other | G 840 Trademark | G 850 Securities/Commodities/ Exchange |
| G 160 Stockholders' Suits | G 355 Motor Vehicle Product Liability | G 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | G 875 Customer Challenge 12 USC 3410 |
| G 190 Other Contract | G 360 Other Personal Injury | G 385 Property Damage Product Liability | [X] 710 Fair Labor Standards Act | G 861 HIA (1395ff) | G 891 Agricultural Acts |
| G 195 Contract Product Liability | | | G 720 Labor/Mgmt. Relations | G 862 Black Lung (923) | G 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | G 730 Labor/Mgmt Reporting & Disclosure Act | G 863 DIWC/DIWW (405(g)) | G 893 Environmental Matters |
| G 210 Land Condemnation | G 441 Voting | G 510 Motions to Vacate Sentence | G 740 Railway Labor Act | G 864 SSID Title XVI | G 894 Energy Allocation Act |
| G 220 Foreclosure | G 442 Employment | Habeas Corpus: | | G 865 RSI (405(g)) | G 895 Freedom of Information Act |
| G 230 Rent Lease & Ejectment | G 443 Housing/ Accommodations | G 530 General | G 790 Other Labor Litigation | **FEDERAL TAX SUITS** | G 900 Appeal of Fee Determination Under Equal Access to Justice |
| G 240 Torts to Land | G 444 Welfare | G 535 Death Penalty | | G 870 Taxes (U.S. Plaintiff or Defendant) | G 950 Constitutionality of State Statutes |
| G 245 Tort Product Liability | G 440 Other Civil Rights | G 540 Mandamus & Other | G 791 Empl. Ret. Inc. Security Act | | |
| G 290 All Other Real Property | | G 550 Civil Rights | | G 871 IRS—Third Party 26 USC 7609 | G 890 Other Statutory Actions |
| | | G 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] Original Proceeding
- G 2 Removed from State Court
- G 3 Remanded from Appellate Court
- G 4 Reinstated or Reopened
- G 5 Transferred from another district (specify)
- G 6 Multidistrict Litigation
- G 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

FLSA, 52 Stat. 1060, as amended 29 U.S.C. Sec. 201, et seq. Suit to recover unpaid overtime compensation.

## VII. REQUESTED IN COMPLAINT:
G CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  G No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  Sept. 30, 2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____